UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY R. BECHHOLD,

    Plaintiff,                                        Hon. Richard Alan Enslen

v.                                                    Case No. 1:02-cv-00532

DREAMWEAVER LURE COMPANY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Contempt of Court (Dkt. 15). The motion was referred to the undersigned by the Honorable Richard Alan Enslen pursuant to 28 U.S.C. § 636(b)(1), and hearing was held on January 30-31, 2008. For the reasons stated herein, the undersigned recommends that the motion be denied.

The parties are engaged in the business of manufacturing and selling fishing lures. Plaintiff's company is Bechhold & Son Flasher & Lure Company. Defendants' company is Dreamweaver Lure Company ("Dreamweaver"). Since sometime before 2002, Plaintiff has manufactured and distributed a trolling fishing flasher known as the "Fish Catcher," a/k/a "Hootchie Mama." Defendants at some point started manufacturing and selling a trolling flasher nearly identical in appearance and at least in some instances referred to it as the "Hootchie Mama." Plaintiff sued Defendants in 2002, alleging that Defendants' flasher, called the "Spin Doctor[1]," infringed the trade

---

[1] Hereinafter called Spin Doctor I to distinguish it from Defendants' redesigned product which will be referred to as Spin Doctor II.

dress of Plaintiff's product and Plaintiff's Hootchie Mama trademark. The parties entered into a consent judgment and permanent injunction (Dkt. 14). The consent judgment and permanent injunction permanently enjoins Defendants from:

    a. Manufacturing, distributing, advertising, selling and/or offering for sale Defendants' Flasher pictured in Exhibit A to [the consent judgment] ("Defendants' Flasher") and any other fishing flasher that is likely to cause consumer confusion with respect to Plaintiff's Flasher pictured in Exhibit B to [the consent judgment] (Plaintiff's Flasher);

    b. Using the name "HOOTCHIE MAMA" or any other colorable imitation thereof to sell, offer for sale, advertise, or distribute a fishing flasher or other fishing product; and

    c. Engaging in any conduct that is likely to confuse, mislead or deceive consumers into believing that Defendants' products or themselves originate from Plaintiff or are connected with Plaintiff or sponsored, approved, or licensed by Plaintiff, or are in some way affiliated with Plaintiff.

*See*, Dkt. 14, including Exhibits A and B. Plaintiff now objects to the marketing and sale of a product redesigned by Defendants, hereinafter called Spin Doctor II, after entry of the consent judgment. A copy of that design, photographed next to Plaintiff's flasher, is attached as Exhibit C to Plaintiff's motion for contempt (Dkt. 15). As the Court can observe, and is supported by the evidence at the motion hearing, Defendants' redesigned product, called the "Spin Doctor II," is a different shape than the Hootchie Mama, in that it is in the shape of a fish or a bomb rather than a long, modified rectangle. It has two eyelets, where the Hootchie Mama has three, and it has two rudders, where the Hootchie Mama has only one.

The packaging is also different. The Spin Doctor II is packaged in clear plastic, with no cardboard header, with the logo in red and black on yellow. It is identified as being manufactured by Dreamweaver and includes the Defendants' "Dreamweaver" logo on the packaging. (See, e.g.,

Defendants' Hearing Exhibit 18.)  The Hootchie Mama is packaged in less clear plastic, with a white cardboard header with turquoise and red lettering, noting the manufacturer as Bechhold & Son Flasher & Lure Co. (See, e.g., Defendants' Hearing Exhibits 2 and 3.)  There is no similarity between the packaging of the two products.  There is nothing on the packaging of the Spin Doctor II to suggest it was manufactured by Plaintiff or that it is the same product as that manufactured by Plaintiff.

Plaintiff did introduce some evidence of customer confusion with the testimony of Douglas Draeger and Terry Weber, both of whom testified consistently with their affidavits submitted in support of Plaintiff's motion.  The affidavit of Capt. Dan Chimealak was also considered, as was the testimony of Jerry R. Bechhold, along with his affidavit.  Mr. Bechhold testified that he had received hundreds of calls from customers expressing confusion about the difference between the two products and/or who manufactured them.  However, he was not able to provide a single name of any caller or any documentary evidence.  When the affidavits and testimony are considered, it is apparent that Plaintiff's objection is to the fact that the products function similarly.[2]  Further, the weight of the evidence was that any "confusion" went to the function of the Spin Doctor II and not to the appearance, design, manufacturer, or any trade name.  As will be discussed in greater detail below, this cannot be the subject of a trade dress case.

## ANALYSIS

The undersigned notes that in order for the Plaintiff to establish that the Court should hold Defendants in contempt, the Plaintiff must provide clear and convincing evidence that a defendant

---

[2] Although there is also a dispute between the parties regarding to what degree the products function alike.

"violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987). The undersigned finds that Plaintiff has failed to meet this burden. First, the undersigned had no difficulty and was easily able to distinguish the design and packaging of the Spin Doctor II versus the Hootchie Mama/Fish Catcher. Further, the only evidence that Defendants ever used the Hootchie Mama name post-judgment was on its web site approximately two weeks after the consent judgment entered. The uncontroverted testimony at the hearing by Mr. Bogner was that its use was inadvertent and due to a mistake made by the person who manages Dreamweaver's web site. The further uncontroverted testimony was that after receiving a telephone call from Plaintiff, Defendants promptly had the Hootchie Mama appellation removed from the Dreamweaver web site.

Also, Douglas H. Siegel, an intellectual property attorney with Price, Heneveld, Cooper, DeWitt & Litton, LLP, testified that Roger Bogner worked closely with attorney Siegel in redesigning the Spin Doctor I to avoid running afoul of the consent judgment. This is not the type of conduct the undersigned believes is deserving of a finding of contempt. Far from being clear and convincing, Plaintiff's evidence regarding the likelihood of consumer confusion was vague, general, and mostly had to do with the function of the two products, not their appearance, design, packaging, or any continued use of the alleged trademark, "Hootchie Mama" by Defendants.

There are eight non-dispositive factors that guide the likelihood of confusion analysis. Those factors are: (1) strength of the mark; (2) relatedness of the goods; (3) similarity of marks; (4) evidence of actual confusion; (5) marketing channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Gray*

*v. Meijer, Inc.*, 295 F.3d 641, 646 (6th Cir. 2002).  Clearly dissimilar trade dresses can result in a finding of no likelihood of confusion as a matter of law.  *See, Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 648 (6th Cir. 2002).  These products seem so clearly distinguishable that it is difficult to imagine how any but the most obtuse consumer could confuse them.

As previously noted, the thrust of Mr. Bechhold's testimony, affidavit, and other testimony and affidavits submitted in support of his motion for contempt focused on the potential for consumer confusion over how the two products functioned.  Mr. Bechhold has a patent on the Hootchie Mama.  Also as noted, there was considerable dispute over how similarly the Hootchie Mama and the Spin Doctor II do function.  In any event, the Supreme Court has held that trade dress protection may not be claimed for product features that are functional.  *See, TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 26 (2001).  The Supreme Court described trade dress as follows:

> The design or packaging of a product may acquire a distinctiveness which serves to identify the product with its manufacturer or source; and a design or package which acquires this secondary meaning, assuming other requisites are met, is a trade dress which may not be used in a manner likely to cause confusion as to the origin, sponsorship, or approval of the goods.

*Id.* at 28.  The Court went on to note that, "The Lanham Act does not exist to reward manufacturers for their innovation in creating a particular device; that is the purpose of the patent law and its period of exclusivity." 532 U.S. at 34.[3]  It is clear that any customer confusion, if it indeed exists, would be confusion regarding the function of the two flashers.  As previously noted, the redesigned Spin Doctor II does not look like the Hootchie Mama, is not packaged like it, and there was no evidence

---

[3] The Court notes that Plaintiff does have a patent on its product but firmly disavows any opinion as to whether or not Plaintiff has a colorable patent case.

that there is anything on the packaging or other promotion to support that Dreamweaver is attempting to suggest that the Spin Doctor II was manufactured by Bechhold & Son Flasher & Lure Co., i.e., Plaintiff's company.

## CONCLUSION

For these reasons, the undersigned recommends that Plaintiff's Motion for Contempt of Court (Dkt. 15) be **denied**.  At the end of the hearing, Defendants moved orally for sanctions for having to defend Plaintiff's motion for contempt.  Because patent and trade dress law are complicated and because Plaintiff appeared pro se and appeared confused on cross-examination as to the differences between patent law and trade dress law, the undersigned recommends that the motion for sanctions be denied.

Respectfully submitted,

Date:  February 6, 2008         /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).